# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE FLOYD MICK** | **CIVIL ACTION** |
| **versus** | **NO. 13-4929** |
| **N. BURL CAIN** | **SECTION: "S" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, George Floyd Mick, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On January 28, 1992, he was convicted in the Louisiana Twenty-Second Judicial District Court of second degree murder under Louisiana law.[1]  On November 5, 1992, he was sentenced to a term of life imprisonment without benefit of parole, probation, or

---

[1] State Rec., Vol. III of V, trial transcript, p. 437; State Rec., Vol. I of V, minute entry dated January 28, 1992; State Rec., Vol. I of V, jury verdict form.

suspension of sentence.[2]  On November 10, 1994, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3]  He did not seek further direct review.

On or about February 2, 1997, petitioner filed an application for post-conviction relief with the state district court.[4]  That application was denied on April 22, 1997.[5]  His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on July 25, 1997,[6] and by the Louisiana Supreme Court on April 3, 1998.[7]

---

[2]  State Rec., Vol. III of V, transcript of November 5, 1992; State Rec., Vol. I of V, minute entry dated November 5, 1992.

[3]  State v. Mick, No. 93 KA 2006 (La. App. 1st Cir. Nov. 10, 1994); State Rec., Vol. IV of V.

[4]  State Rec., Vol. IV of V.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.  In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.  While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by more than a decade.

[5]  State Rec., Vol. IV of V, Reasons dated April 22, 1997.

[6]  State *ex rel.* Mick v. State, No. 97 KW 1244 (La. App. 1st Cir. July 25, 1997); State Rec., Vol. IV of V.

[7]  State *ex rel.* Mick v. State, 717 So.2d 642 (La. 1998) (No. 97-KH-2155); State Rec., Vol. IV of V.

- 2 -

On or about October 21, 1999, petitioner filed a motion to correct an illegal sentence with the state district court.[8]  That motion was denied on November 16, 1999.[9]  His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on February 10, 2000,[10] and May 4, 2000,[11] and by the Louisiana Supreme Court on March 9, 2001.[12]

On or about January 17, 2002, petitioner filed a *habeas corpus* petition in the Louisiana Nineteenth Judicial District Court.[13]  The matter was transferred to the Louisiana Twenty-Second Judicial District Court on March 7, 2002.[14]  Petitioner's writ application challenging that ruling was denied by the Louisiana First Circuit Court of Appeal on July 29, 2002.[15]  He then sought review in the Louisiana Supreme Court, and, on October 3, 2003, that court simply denied all relief on the grounds that petitioner's underlying *habeas corpus* petition had been untimely filed.[16]

---

[8] State Rec., Vol. IV of V.

[9] Rec. Doc. 3-7, p. 8; Order dated November 16, 1999.

[10]  State *ex rel.* Mick v. State, No. 99 KW 3059 (La. App. 1st Cir. Feb. 10, 2000); State Rec., Vol. IV of V.

[11]  State *ex rel.* Mick v. State, No. 00 KW 0402 (La. App. 1st Cir. May 4, 2000); State Rec., Vol. IV of V.

[12]  State *ex rel.* Mick v. State, 786 So.2d 728 (La. 2001) (No. 2000-KH-1689); State Rec., Vol. IV of V.

[13]  Rec. Doc. 3-5, pp. 24-38.

[14]  Rec. Doc. 3-5, p. 17; Judgment dated March 7, 2002.

[15]  Rec. Doc. 3-5, p. 21; State *ex rel.* Mick v. Cain, No. 2002 KW 0674 (La. App. 1st Cir. July 29, 2002).

[16]  Rec. Doc. 3-5, p. 23; State *ex rel.* Mick v. State, 855 So.2d 296 (La. 2003) (No. 2002-KH-2412).  In denying relief, the Louisiana Supreme Court cited La. Code Crim. P. article 930.8 and

On or about June 21, 2011, and June 5, 2012, petitioner filed petitions for writs of *habeas corpus* with the Louisiana Twentieth Judicial District Court.[17]  Those petitions were denied on July 5, 2011,[18] and June 14, 2012,[19] respectively.  Petitioner's related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on November 19, 2012,[20] and by the Louisiana Supreme Court on May 24, 2013.[21]

On June 25, 2013, petitioner filed the instant federal application for *habeas corpus* relief claiming that the indictment was defective.[22]  In its response in this proceeding, the state argues that the application is untimely.[23]  In his opposition to the state's response, petitioner disagrees.[24]

---

State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).  Article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the Glover decision held that an appellate court is not precluded from denying relief on basis of article 930.8 even if the lower court did not consider timeliness.

[17]  State Rec., Vol. V of V.

[18]  State Rec., Vol. V of V, Judgment dated July 5, 2011.

[19]  State Rec., Vol. V of V, Judgment dated June 14, 2012.

[20]  Mick v. Cain, No. 2012 CW 1210 (La. App. 1st Cir. Nov. 19, 2012); State Rec., Vol. V of V.

[21]  State *ex rel.* Mick v. State, 117 So.3d 98 (La. 2013) (No. 2013-KH-0059); State Rec., Vol. V of V.

[22]  Rec. Doc. 3.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on June 25, 2013.  Rec. Doc. 3, p. 18.

[23]  Rec. Docs. 9 and 10.  Because the application is in fact clearly untimely, the Court need not, and does not, address the state's alternative arguments.

[24]  Rec. Doc. 11.

- 4 -

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final."[25]  However, with respect to prisoners, such as Mick, whose conviction and sentence became final prior to the enactment of the AEDPA, a grace period applies, and the one-year statute of limitations begins to run in such cases on the AEDPA's effective date, April 24, 1996.  Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).  Therefore, the one-year period that petitioner had to file his application for federal *habeas corpus* relief expired on April 24, 1997, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Therefore, after two hundred eighty-three (283) days elapsed in the instant case, the federal limitations period was tolled when petitioner filed his post-conviction application with the state district court on February 2, 1997.  Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  The state does not challenge the timeliness of petitioner's related

---

[25]   Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

appellate writ applications.  Accordingly, the Court finds that tolling continued until the Louisiana

Supreme Court denied relief on April 3, 1998.[26]

At that point, petitioner had eighty-two (82) days of the federal limitations period

remaining.  As a result, he had only until June 24, 1998, either to file his federal application or to

again toll the federal limitations period.

Petitioner had no other state applications pending at any time on or before June 24,

1998.  Therefore, he clearly is not entitled to further statutory tolling.[27]

The Court must next consider equitable tolling.  The United States Supreme Court

has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland

v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if

he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks

omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's

statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner

---

[26]  A petitioner receives no additional tolling credit for the period during which he could have
sought review by the United States Supreme Court with respect to the denial of post-conviction
relief.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th
Cir. 1999).

[27]  The Court notes that petitioner filed various other state applications long after that date.
However, because all of those applications were filed after the expiration of the federal statute of
limitations, they had no bearing on the timeliness of his federal application.  See Scott v. Johnson,
227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at
*4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132,
at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period expired, "[t]here was
nothing to toll."  Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, he has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The Court also notes that the United States Supreme Court recently held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  Here, however, petitioner does not argue that he is actually innocent of the crime of which he stands convicted, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed on or before June 24, 1998, in order to be timely.  His federal application was not filed until on or after June 25, 2013, and, therefore, it is clearly untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by George Floyd Mick be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[28]

      New Orleans, Louisiana, this twenty-eighth day of March, 2014.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.