UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE FLOYD MICK | CIVIL ACTION |
| versus | NO. 13-4929 |
| N. BURL CAIN | SECTION: "S" (3) |

**O R D E R**

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Magistrate Judge's Report and Recommendation, hereby OVERRULES the petitioner's objection, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.  Accordingly,

The petitioner objects to the Report and Recommendation's finding that his petition for a writ of habeas corpus was untimely.  He argues that the petition cannot be untimely because the state courts never had jurisdiction over the charge against him due to the inherent constitutional insufficiency of the short-form indictment used to charge him with murder (Doc. #3).

The United States Court of Appeals for the Fifth Circuit has held that "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." Liner v. Phelps, 731 F.2d 1201, 1203 (5th Cir. 1984) (quoting Branch v. Estelle, 631 F.2d 1229, 1233 (5th Cir. 1980)). "[H]abeas corpus can be invoked with respect to the sufficiency of an indictment only when the indictment is so fatally defective that under no circumstances could a valid conviction result from facts provable under the indictment, *and* that such a determination 'can be made *only*  by looking

to the law of the state where the indictment is issued.'" Id. (quoting Johnson v. Estelle, 704 F.2d 232, 236 (5th Cir. 1983)).

Article 462 of the Louisiana Code of Criminal Procedure sets forth the form that an indictment by grand jury should substantially follow:

> In the (Here state the name of the court.) on the ____ day of _____, [20]__. State of Louisiana v. A.B. (Here state the name or description of the accused.).
>
> The grand jury of the Parish of ____, charges that A.B. (Here state the name or description of the accused.) committed the offense of _____, in that (Here set forth the offense and transaction according to the rules stated in this Title. The particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.) contrary to the law of the State of Louisiana and against the peace and dignity of the same.

Under Article 465 of the Louisiana Code of Criminal Procedure the offense of first degree murder is set forth in an indictment by stating "A.B. committed first degree murder of C.D."

The indictment in petitioner's case stated:

> The Grand Jurors of the State of Louisiana, duly impaneled and sworn in and for the body of the Parish of St. Tammany, in the name and by the authority of the said State, upon their oath find and presents:
>
> That one GEORGE MICK
>
> late of the Parish of St. Tammany on the 7th day of August, in the year of our Lord, one thousand nine hundred and ninety (1990), in the Parish of St. Tammany, aforesaid, and within the jurisdiction of the Twenty-Second Judicial District Court of Louisiana, for the Parish of St Tammany:
>
> Unlawfully violated R.S. 14:30 by committing the murder of one Ralph Vasquez in the first degree.

Louisiana's short-form indictments are constitutionally valid, and when they are used "it is intended that a defendant may procure details as to the statutory method by which he committed the

offense through a bill of particulars." State v. Baylis, 388 So.2d 713, 718-19 (La. 1980).  The short form indictment against petitioner substantially complied with Articles 462 and 465 of the Louisiana Code of Criminal Procedure.  Further, he requested, and the state answered, a bill of particulars.  Therefore, his claim regarding the sufficiency of the indictment is not a matter for federal habeas corpus review because it cannot be shown that the indictment was so defective that the convicting court did not have jurisdiction.

Further, the United States Magistrate Judge correctly determined that the petition was untimely under the AEDPA (Doc. #12).  Petitioner's statute of limitations for filing his *habeas corpus* petition ran on June 24, 1998, he filed his petition on June 25, 2013, and he is not entitled to any statutory or equitable tolling. Id.

**IT IS ORDERED** that the federal petition of **George Floyd Mick** for habeas corpus relief is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 14th day of May, 2014.

**UNITED STATES DISTRICT JUDGE**